UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Natasha L. Drnavich,                                Civil No. 05-1022 (PAM/RLE)

           Plaintiff,

v.                                        **MEMORANDUM AND ORDER**

Cavalry Portfolio Service, LLC,

           Defendant.

---

This matter is before the Court on Defendant Cavalry Portfolio Service, LLC's Motion to Dismiss. For the reasons that follow, the Court denies Defendant's Motion.

**BACKGROUND**

Plaintiff Natasha Drnavich incurred a credit card debt to Orchard MasterCard. The debt was transferred to Defendant Cavalry Portfolio Service, LLC for collection. On July 15, 2004, Plaintiff filed for Chapter 7 bankruptcy. She gave notice of the bankruptcy to Defendant on July 16, 2004. Nevertheless, Defendant withdrew payments from Plaintiff's savings account on August 16, 2004; September 15, 2004; and October 15, 2004. Plaintiff claims that Defendant's acts were deceptive and misleading representations to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e. Plaintiff also claims that Defendant falsely represented the character and amount of the debts in violation of § 1692f of the FDCPA.

In this Motion to Dismiss, Defendant argues that the Complaint should be dismissed because Plaintiff's claims are premised on alleged violations of the automatic stay provision

of the Bankruptcy Code, 11 U.S.C. § 362(a). According to Defendant, the Bankruptcy Code provides the exclusive remedy for violations of its automatic stay provision, thereby precluding Plaintiff's FDCPA claims. Plaintiff responds that the Bankruptcy Code does not provide the exclusive remedy for Defendant's actions, and a plaintiff can choose to proceed under either the FDCPA or the Bankruptcy Code.

**DISCUSSION**

### A.  Standard of Review

For the purposes of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court takes all facts alleged in the Complaint as true. See Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to the plaintiff. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

### B.  Whether the Bankruptcy Code Precludes Plaintiff's FDCPA Claims

There is a circuit split on the issue of whether the Bankruptcy Code precludes FDCPA claims such as Plaintiff's. The Seventh Circuit and the Ninth Circuit have each addressed this particular question; the Eighth Circuit has not.

In the more recent opinion, the Seventh Circuit held that a plaintiff may proceed under either the Bankruptcy Code or the FDCPA because the Bankruptcy Code does not "repeal" portions of the FDCPA by implication. Randolph v. IMBS, Inc., 368 F.3d 726, 730 (7th Cir.

2004). The court looked to Supreme Court precedent to find that for one federal statute to preclude another, there must be "either irreconcilable conflict between the statutes or a clearly expressed legislative decision that one replace the other." Id. (citing Branch v. Smith, 538 U.S. 254, 273 (2003); J.E.M. AG Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc., 534 U.S. 124, 141-44 (2001)). Mere tension between statutory provisions will not suffice to cause repeal by implication. Branch, 538 U.S. at 273. The Seventh Circuit then found no irreconcilable conflict between the Bankruptcy Code and the FDCPA; at most, the statutes merely overlap. Randolph, 368 F.3d at 730. For example, if a plaintiff shows a willful violation, then punitive damages would be available under the Bankruptcy Code. Id. However, if a debt collector did not act willfully, but only negligently, a plaintiff could still proceed under the FDCPA, which has no scienter requirement. Id. As the court succinctly stated: "It is easy to enforce both statutes, and any debt collector can comply with both simultaneously." Id.

The Supreme Court has held numerous times that overlapping statutes can coexist. Id. at 731 (citing Humana Inc. v. Forsyth, 525 U.S. 299 (1999); Gen. Motors Acceptance Corp. v. United States, 286 U.S. 49 (1932); U.S. Shipping Bd. Emergency Fleet Corp. v. Rosenberg Bros. & Co., 276 U.S. 202 (1928)). Such examples include the Telecommunications Act of 1996 with the Sherman Act of 1890, and 42 U.S.C. §§ 1981 and 1983 with the Civil Rights Act of 1964. Id. at 731-32 (citations omitted). Another common overlap exists between Title VII and 42 U.S.C. § 1983 when the employer is a state actor, although the Supreme Court has not addressed this particular circumstance. Id. at 732.

The Ninth Circuit, on the other hand, holds that the Bankruptcy Code precludes FDCPA claims such as Plaintiff's. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 504 (9th Cir. 2002). The Ninth Circuit reasoned that the plaintiff's FDCPA claim was based on an alleged violation of the Bankruptcy Code, which provides its own remedy of civil contempt. Id. at 510. The court did not want to provide a means by which plaintiffs could "circumvent the Bankruptcy Code's remedial scheme." Id. at 504, 510. However, the court identified neither an irreconcilable conflict between the statutes nor a clear legislative intention that one replace the other.

Several district courts in other circuits have adopted the Ninth Circuit's position. E.g., Kibler v. WFS Fin., Inc., No. CV-00-5217, 2000 WL 1470655, at **8-10 (C.D. Cal. Sept. 13, 2000). Indeed, this is the majority view. Notably, however, most of the district court cases are within the Ninth Circuit, and most pre-date Randolph. In addition, the one district court in the Eighth Circuit that has addressed the present issue followed the Seventh Circuit. Burkhalter v. Lindquist & Trudeau, Inc., No. 4:04CV1803-DJS, 2005 WL 1983809, at *1 (E.D. Mo. Aug. 16, 2005).

This Court finds most persuasive the detailed analysis and thorough reasoning of the Seventh Circuit in Randolph. The Court agrees that the Bankruptcy Code and the FDCPA do not irreconcilably conflict with each other so as to repeal the FDCPA by implication. Debt collectors can comply with each statute without transgressing the other. See Randolph, 368 F.3d at 730. Here, Defendant does not even argue that it is impossible to comply with both laws. Similarly, courts can easily enforce both statutes, id., and Defendant does not assert

4

otherwise. Further, Defendant has identified no legislative intent that the Bankruptcy Code preclude the FDCPA. Finally, the statutes offer different sanctions, and Plaintiff chose the statute that ostensibly provides her with the best remedy.

**CONCLUSION**

The Bankruptcy Code does not preclude Plaintiff's FDCPA claims. Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (Clerk Doc. No. 5) is **DENIED.**

Dated: September 29, 2005

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge